UNITED STATES of America, Plaintiff,

v.

A. Henry TAGER, Defendant.

No. 73 CV 554–W–2.

United States District Court,
W. D. Missouri, W. D.

May 25, 1977.

Bert C. Hurn, U. S. Atty., W. D. of Mo., Kansas City, Mo., Stanley F. Krysa, Gerald A. Kafka, Attys., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff.

Joseph P. Jenkins, Estes Park, Colo., for defendant.

## MEMORANDUM OPINION AND JUDGMENT

COLLINSON, District Judge.

This is a suit to collect alleged assessed but unpaid income taxes, penalties and interest owed by the defendant for the taxable years of 1955 through 1962 and 1964 through 1967. The total sum sought with accrued interest to September 1, 1976 is $549,352.32.

Defendant was a practicing lawyer during the entire period of the taxable years in question but at the time this suit was filed he had commenced the service of a thirty-month sentence imposed upon him by the United States District Court for the District of Kansas. This confinement necessarily delayed discovery in this case for an appreciable length of time until the defendant was released and able to confer with his attorneys.

The evidence disclosed that the defendant filed personal income tax returns for each of the years in question but that these returns were frequently delinquent and nearly always without payment of the total taxes due.

The defendant executed waivers extending the statute of limitations for assessments for the years of 1955 through 1961 until in 1965 he petitioned the tax court in two cases for determination of his tax liability. One case involved the years of 1955 through 1957 and the other case involved the years of 1958 through 1961. Both of these cases were adjudicated by stipulated decisions, which were dated September 22, 1966. The defendant's admitted signature appears on each of the stipulated decisions. Thereafter, and within the statutory period, assessments were made on each of the years involved in the two cases for the stipulated amounts due.

Assessments within the statutory period were thereafter made for the years 1962 and the years 1964 through 1967.

▮ Section 6502 of the Internal Revenue Code of 1954 provides a six-year statute

of limitation for collection of taxes after assessment. The Government introduced in evidence written waivers of this statute of limitations for each of the years in question. Each of the waivers extended the statute until December 31, 1973. The defendant admittedly signed each of the waivers, at the request of and in the presence of an Internal Revenue officer. The date of "12–31–73," which is handwritten on each waiver under the heading "statute extended to," is admittedly in the handwriting of the defendant on all but one of the waivers. The defendant made a half-hearted contention at the trial of this case that these waivers were executed by him in blank, that is, that the typewritten identification of the years in question, the assessment date, and the unpaid balance of the assessment were not filled in at the time he executed the waivers. The Government's evidence was plain and convincing that the waivers were fully filled in at the time they were executed by the defendant and the Court finds this issue in favor of the plaintiff and against the defendant.

■ The Court finds that the tax assessments for each of the years in question were timely made and are valid assessments. The Court further finds that the defendant executed valid waivers of the six-year statute of limitations on collection of taxes after assessments for each of the years in question extending the time to December 31, 1973 and that this case was filed in this Court on October 16, 1973 within the extended time.

The Court finds that the defendant is justly indebted to the plaintiff in the amount of $549,352.32 with statutory interest from the date of September 1, 1976 until the date of the judgment, and that all costs should be taxed against the defendant.

The attorneys for the plaintiff are directed to prepare and file with the Court, within ten days, a proper form of judgment based upon the above opinion.